```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


VINCENT DOUGHERTY              :    CIVIL ACTION
                               :
          v.                   :
                               :
LOUIS FOLINO, et al.           :    NO. 09-849
```

ORDER

AND NOW, this 22nd day of July, 2009, upon careful and independent consideration of the Petition for Writ of Habeas Corpus (Docket No. 1), the respondents' opposition thereto, the petitioner's Motion for Summary Judgment (Docket No. 8), as well as the petitioner's Traverse (Docket No. 12), and after review of the Report and Recommendation of United States Magistrate Judge Thomas J. Rueter (Docket No. 13), and the petitioner's objections thereto, IT IS HEREBY ORDERED that:

1. The petitioner's objections are OVERRULED.

2. The Report and Recommendation is APPROVED and ADOPTED.

3. The Petition for Writ of Habeas Corpus is DENIED and DISMISSED as time-barred.

4. The petitioner's Motion for Summary Judgment is DENIED.

5. There is no basis for the issuance of a certificate of appealability.

The Report and Recommendation concludes that the Petition for Writ of Habeas Corpus is time-barred under AEDPA's

one-year statute of limitations.  The Court has reviewed the petitioner's objections.  None provides a basis to toll the statute of limitations.

As the Court understands it, the petitioner contends that he should be entitled to equitable tolling on the basis that he could not have filed an appeal from the state court's denial of his first PCRA petition because:  (1) his attorney failed to seek an appeal, despite the petitioner's explicit requests that he do so;[1] (2) his attorney was still his attorney of record, and thus the state court would not have accepted any pro se filings; and (3) his attorney kept his case file, thus preventing him from supporting any appeal of his own with any evidence.[2]

As to the first of these issues, as pointed out by Judge Rueter in his Report and Recommendation, on or about November 20, 1997, the petitioner received an order from the PCRA court informing him that he had thirty days to file an appeal.[3]

---

[1] The petitioner also asserts that his counsel lied to him about filing an amended PCRA petition.  Regardless of whether this is true, the petitioner has not shown or suggested that he could not have discovered this fact before June 2009, when he sent a letter to the state appeals clerk asking whether an amended PCRA petition had been filed.

[2] The Court finds that the Report and Recommendation is responsive to the petitioner's other arguments regarding due process and the right to effective counsel.

[3] This claim appears not only in the petitioner's objections, but also in his habeas petition.  See Docket No. 1-2 at 6.

2

The state court record does contain copies of letters from the petitioner to his attorney stating that he wished to file an appeal.  He asserts that counsel failed to respond to these letters.  Nonetheless, it was not until February 6, 2001, over three years after he received notice that he had thirty days to appeal, that he filed his "Motion to Reinstate Appeal Rights Nunc Pro Tunc."  The petitioner has not justified this delay.

The petitioner also argues that although he did not file an appeal from the denial of his first PCRA petition, this failure is the result of his counsel's failure to withdraw from the case.  The state court, he claims, would not have accepted any pro se filings because his attorney was still counsel of record; thus, he was prevented from filing his own appeal.  On the other hand, the petitioner does not state, and the record does not reveal, that he attempted to file an appeal - or any other document - which was actually rejected by any state court because he was represented by counsel of record.  This argument also fails to explain why the petitioner did eventually file - pro se - his nunc pro tunc motion three years later.

Finally, the petitioner objects that he was unable to pursue an appeal at an earlier time because his case file was in his attorney's possession at the time.[4]  As noted by the Superior

---

[4] This claim was also presented to Judge Rueter in the petitioner's habeas petition.  See Docket No. 1-2 at 3-4, 6.

Court of Pennsylvania in its opinion of December 16, 2008, the plaintiff raised such a claim in his 2005 PCRA petition, which was dismissed as untimely by the PCRA court.  Although the petitioner appealed that dismissal to the Superior Court, his failure to file an appellate brief resulted in dismissal of his appeal.  The Superior Court thus deemed the issue waived for purposes of review.  The claim is procedurally defaulted and this Court may not address it.  See Baldwin v. Reese, 541 U.S. 27, 29 (2004); Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991).[5]

The Report and Recommendation, as well as the Court's own independent review of the state Court record, thoroughly

---

[5] A petitioner can overcome procedural default by showing cause for and actual prejudice from the default, or if he can demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.  Coleman 501 U.S. at 750. The petitioner has not adequately shown cause for his failure to file an appellate brief - that is, he has not shown that some objective factor external to the defense impeded his efforts to comply with the state's procedural rule.  Murray v. Carrier, 477 U.S. 478, 488 (1986).  Although he asserts that his brief was "lost" in the mail, this assertion alone is not sufficient to show cause.  Nor has the shown petitioner shown prejudice, in that there would have been a different outcome.  See Werts v. Vaughn, 228 F.3d 178, 193 (3d Cir. 2000).  To the contrary, the record reveals that each of the petitioner's prior PCRA petitions was dismissed as time-barred.  Finally, the petitioner also has not shown that he is actually innocent, so as to demonstrate that a fundamental miscarriage of justice has occurred.  See Schlup v. Delo, 513 U.S. 298, 324 (1995).
    In addition, although not necessary to the Court's conclusion, even were the Court to reach the petitioner's argument regarding his case file, the mere deprivation of access to the file would not constitute a basis for equitable tolling. See Robinson v. Johnson, 313 F.3d 128, 142-43 (3d Cir. 2002).

establish that the petitioner's habeas petition is time-barred under AEDPA.  Accordingly, the Court approves and adopts the Report and Recommendation.  The Petition for Writ of Habeas Corpus is denied, as is the petitioner's Motion for Summary Judgment.

BY THE COURT:


/s/ Mary A. McLaughlin
MARY A. McLAUGHLIN, J.